~UU



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-1671
Re: General Appropriation Act
(1939) — State Board of
Education — Traveling
expenses — Freight on new
textbooks.

We beg to acknowledge receipt of your request
dated November 10, 1939, supplemented by your further let-
ter of November 18, 1939, for an opinion upon the follow-
ing questions:

"1. Is the Board of Education authorized
to use its appropriation for contingent expen-
ses and also the money set aside by the Board
of Education for the textbook fund for the pay-
ment of traveling expenses incurred by such de-
partment? In other words, may the Board of Edu-
cation pay traveling expenses from either of
the two funds?

"2. In view of the riders on the present
General Appropriation Bill, known as Senate
Bill No. 427, Acts of the Regular Session of
the Forty-sixth Legislature, may the Board of
Education pay for freight on new textbooks out
of the textbook fund, or, must the item of
freight be considered a contingent expense and
be paid from the 'Contingent Expense' appropria-
tion?"

In the appropriation for the State Department of
Education all the various divisions are given an express ap-
propriation for traveling expenses except that of textbooks
and curriculum division and textbook depository.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Of course, where there is a specific item of traveling expense, no real question is presented. But it is further the rule, as shown by many opinions from this department, that in the absence of such specific enumeration of traveling expenses, where there is a specific appropriation for a comprehensive purpose, such as miscellaneous or contingent items, traveling expenses may be and are authorized to be paid out of such appropriation. In other words, such an appropriation, though general to a degree, is yet specific enough without a further enumeration of every conceivable item of miscellaneous or contingent nature. (See conference opinion No. 3089 addressed to yourself).

Under the head of maintenance and miscellaneous, the appropriation act provides for the textbook and curriculum division, item 1, as follows:

"Office and depository supplies, postage, express, drayage, telephone, telegraph, printing, stationery, rent, contingent expense, including freight on used textbooks,   $25,000.00".

Ordinarily, under the rule above announced, this would be sufficient to authorize the payment of traveling expenses therefrom. It has been ruled by this department, however, that "since there was no specific appropriations for traveling expenses, we believe that the State Board of Education is authorized to expend such portion of the textbook fund as may be necessary for traveling expenses in the purchase and distribution of textbooks." (See conference opinion No. 3091 addressed to yourself under date of November 7, 1930). We see no reason to depart from that ruling. The reasons for such ruling, if any are needed in addition to those given in opinion No. 3091, will be stated in connection with our discussion of your next question. So that traveling expenses in connection with the purchase and distribution of textbooks should be paid from the textbook fund and not from the contingent fund.

We will now consider the matter presented in your second question. There is no specific mention of the item of freight on new textbooks purchased by the Board in the maintenance and miscellaneous appropriation quoted above, although it will be seen there is the express mention of freight on "used textbooks." It is our opinion that the item of freight on new textbooks should

be paid out of the textbook fund and not out of the contingent expense fund above quoted. This conclusion is based upon the interpretation of the Act in connection with the Constitution and general statutes governing the purchase and distribution of textbooks.

The Constitution (Article 7, Section 3) makes it the duty of the State Board of Education "to set aside a sufficient amount out of said tax to provide free textbooks for the use of children attending the public free schools of this state."

Article 2866, R. C. S., declares:

"The State Board of Education is hereby empowered and it is made its duty to purchase books from the contractors of textbooks used in the public free schools of this State and to distribute same without other cost to the pupils attending such schools within this State in the manner and upon the conditions hereinafter set out."

Article 2869, R. C. S., further provides:

"The State Board of Education shall require from the State Superintendent on July first of each year a report as to the funds necessary for the purchase and distribution of (or) other necessary expenses of school books for the regular school session of the following year, and said Board of Education shall have the power to set apart from the available school fund the estimated amount with 25 per cent additional, this additional sum to be used to meet emergencies or necessities caused by unusual increase in scholastic attendance or by unusual and unforseen (unforeseen) expenses and school conditions. * * *"

A rider to this appropriation declares:

"It is hereby provided that any amount expended for Textbook Administration, in-

cluding new textbooks, rebinding, and any
other expenses connected therewith, shall
be paid out of the State Textbook Fund."

From these statutory provisions, and from that
part of the appropriation act relating to the Department
of Education, it is our opinion that the item of freight
on new textbooks is more definitely specified rather as
a part of the cost and distribution of textbooks than as
a contingent expense, and for this reason payment of such
freight should be paid from the textbook fund and not
from the contingent expense item or fund.

The express mention of "used textbooks" in the
maintenance and miscellaneous item above quoted does not
argue against this conclusion, but rather it favors such
conclusion. If the Legislature had contemplated that
freight on new textbooks should be considered as a con-
tingent expense, it most likely would have mentioned
such freight specifically, seeing that it had in mind
and considered the matter of freights. Its omission of
freights on new textbooks, therefore, argues that such
freight on new textbooks would more properly come under
the head of purchase and distribution of textbooks, and,
therefore, be payable out of the textbook fund.

For the reasons here given and heretofore
given in our opinions above referred to, we answer
your inquiries as above indicated.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

APPROVED NOV 29, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN